# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| LOREN D. HOCHSTETLER, JR., <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | No. 16-CV-2116-LRR <br><br> **ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Plaintiff Loren D. Hochstetler, Jr.'s Objections (docket no. 18) to United States Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 17), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Hochstetler.

## *II. PROCEDURAL HISTORY*

On November 30, 2016, Hochstetler filed a Complaint (docket no. 3) seeking judicial review of the Commissioner's final decision denying Hochstetler's application for Title II disability insurance benefits. On February 15, 2017, the Commissioner filed an Answer (docket no. 8). On May 18, 2017, Hochstetler filed the Plaintiff's Brief (docket no. 13). On June 6, 2017, the Commissioner filed the Defendant's Brief (docket no. 14). On June 27, 2017, Hochstetler filed a Reply (docket no. 16). On June 27, 2017, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On January 2, 2018, Judge Mahoney issued the Report and Recommendation. On January 16, 2018, Hochstetler filed the Objections. The Commissioner has not filed a response, and the time for doing so has passed. The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. *Review of Final Decision*

When the Commissioner adopts an Administrative Law Judge's ("ALJ") findings and conclusions as its final decision, the final decision is subject to judicial review. *See* 42 U.S.C. § 405(g). The court "will affirm the Commissioner's decision if supported by substantial evidence on the record as a whole." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). "Substantial evidence is 'less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion.'" *Id.* (alteration omitted) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). In determining whether substantial evidence supports the Commissioner's decision, the court "consider[s] the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Jones*, 619 F.3d at 968 (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)). A court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)). "If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions," the court must affirm the Commissioner's decision. *Anderson*, 696 F.3d at 793.

When reviewing the Commissioner's decision, the court "must judge the propriety of such action solely by the grounds invoked by the agency" and may not affirm the decision based on a post hoc rationale that "it considers to be a more adequate or proper basis." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also, e.g.*, *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (applying *Chenery* analysis in the context of social security benefits); *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (same); *Strom v. Astrue*, Civil No. 07-150, 2008 WL 583690, at *27 (D. Minn. Mar. 3, 2008) (same). In other words, "'a reviewing court may not uphold an agency

decision based on reasons not articulated by the agency,' when 'the agency has failed to make a necessary determination of fact or policy' upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (alterations omitted) (quoting *HealthEast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998)).

### *B. Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendations for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

3

## IV. ANALYSIS

In the Objections, Hochstetler argues that: (1) the ALJ and Judge Mahoney failed to give sufficient weight to the opinion of Dr. Richard Roberts; and (2) the ALJ's decision was not supported by substantial medical evidence. *See* Objections at 3-17. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 9-1 through 9-7), the court overrules the Objections.

The court finds that the ALJ properly weighed the opinion provided by Dr. Roberts. Hochstetler argues that Dr. Roberts was his treating physician[1] and, as such, his opinion should have received "special deference" or "controlling weight." *See* Objections at 4. "[A]n ALJ must give a treating physician's medical opinion controlling weight if it is well supported by medically acceptable diagnostic testing and not inconsistent with other substantial evidence in the record." *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009). Here, the ALJ "considered Dr. Roberts'[s] assessments and clinical findings as they relate[d] to the medical evidence as a whole," but gave "little weight to Dr. Roberts'[s] opinion that [Hochstetler] is disabled." AR at 24. Dr. Roberts opined that Hochstetler was "vocationally disabled and should proceed with his plans to try to receive SSDI benefits." AR at 375. Dr. Roberts also provided "yes" or "no" responses to five questions, contained in a letter from Hochstetler's attorney, regarding Hochstetler's capacity to perform vocational tasks. *See* AR at 383-84. Upon review, the court finds that Dr. Roberts's opinion was inconsistent with other substantial evidence in the record. Substantial evidence supported the ALJ's finding that Hochstetler's minimal limitations in his daily activities were inconsistent with the opinion of Dr. Roberts. *See* AR at 24

---

[1] The court finds, as did Judge Mahoney, that it is unnecessary to determine whether Dr. Roberts was a treating source because the record is clear that, even assuming Dr. Roberts was a treating source, the ALJ was justified in giving his opinion little weight.

(finding that Hochstetler "remained able to live independently, take care of himself and his house, prepare simple meals, drive, go for walks, and enjoy hobbies like fishing and shooting at the gun range"); *see also Hacker v. Barnhart*, 459 F.3d 934, 938 (8th Cir. 2006) (finding that an ALJ can diminish the weight assigned to the opinion of a treating physician when that opinion is inconsistent with the claimant's daily activities). The ALJ also reasonably found that Dr. Roberts's opinion was inconsistent with psychologist Dr. Carroll Roland's assessment that Hochstetler "would be capable of simple, routine, repetitive work." The ALJ concluded that Dr. Roland's opinion should be assigned more weight because it was supported by the record as a whole. *See* AR at 24-25

Further, the court notes that Dr. Roberts's "yes" or "no" assessments of Hochstetler's vocational ability are unsupported by explanation or reference to the medical record. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (noting that the ALJ "properly discounted" an opinion that "was conclusory[,] . . . consist[ing] of . . . checklist forms, cit[ing] no medical evidence, and provid[ing] little to no elaboration"). Further, Dr. Roberts's conclusion that Hochstetler was "vocationally disabled" infringes on the province of the Commissioner. *See Davidson*, 578 F.3d at 842 ("[A] treating physician's opinion that a claimant is 'disabled' or 'unable to work,' does not carry 'any special significance,' because it invades the province of the Commissioner to make the ultimate determination of disability." (citation omitted)). As such, the court finds that the ALJ properly weighed the opinion of Dr. Roberts and overrules the first objection.

Hochstetler's second objection amounts to a request that the court reweigh the evidence relied upon by the ALJ. *See* Objections at 12-17. Hochstetler contends that the ALJ's decision was not supported by substantial evidence. Hochstetler's argument, however, again focuses on his belief that the ALJ failed to give sufficient weight to Dr. Roberts's opinion and improperly relied upon the opinions of Dr. Roland and the state agency's psychological consultants, Dr. Jennifer Wigton and Dr. Russell Lark. Upon

5

review, the court finds that the ALJ reviewed the record as a whole, including treatment records, medical opinions, Hochstetler's testimony about his symptoms and daily activities, statements from Hochstetler's mother and a questionnaire completed by Hochstetler's prior employer. *See* AR at 21-27. The ALJ properly considered the weight to give each medical opinion, alongside and in light of all other evidence in the record. *See* 20 C.F.R. § 416.927(c) (describing how the Commissioner evaluates medical opinions). The record is clear that the ALJ properly discussed each medical opinion and provided reasoned bases for the weight she gave each opinion, along with citations to the record. *See* AR at 21-27. Thus, the ALJ's decision was supported by medical evidence. *See Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("[A]n ALJ is . . . 'required to consider at least some supporting evidence from a [medical] professional.'" (third alteration in original) (quoting *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001))); *see also Vance v. Berryhill*, 860 F.3d 1114, 1121 (8th Cir. 2017) (finding that after the ALJ properly assigned little weight to a treating physician's opinion, the ALJ could "rely instead on the opinions of the state agency medical consultants, which were more consistent with the medical evidence").

The court is not at liberty to reverse the ALJ's decision merely because there is conflicting evidence in the record below, even if the court would independently reach a different conclusion. *See Hacker*, 459 F.3d at 936 ("A decision is not outside that 'zone of choice' simply because [the court] may have reached a different conclusion had [the court] been the fact finder in the first instance."); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) ("[E]ven if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence in the record as a whole."). Upon de novo review, the court finds that substantial evidence in the record supported the ALJ's determinations and ultimate conclusion that benefits should be denied. Therefore, the court overrules the second objection.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 18) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 17) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED**; and

(3) The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of March, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA